89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,
v.
Prakash Man SHRESTHA, Defendant-Appellant, Cross-Appellee.
 Nos. 95-50040, 95-50108.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1996.
Decided June 24, 1996.
 
 1
 Before: WALLACE and T.G. NELSON, Circuit Judges, and BROWNING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 OVERVIEW
 
 3
 Prakash Man Shrestha, a native and citizen of Nepal, appeals the district court's denial of his motions to suppress statements allegedly made in violation of his Miranda rights and to declare a mistrial on the basis of allegedly improper jury instructions, in his jury trial for possession and importation of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 952(a). We affirm.
 
 ANALYSIS
 
 4
 1. Motion to suppress based on alleged Miranda violation.
 
 
 5
 To be valid, a waiver of Miranda rights "must be voluntarily, knowingly, and intelligently made." United States v. Bernard S., 795 F.2d 749, 751 (9th Cir.1986) (citing Miranda v. Arizona, 384 U.S. 436, 479 (1966)). "Whether there has been a valid waiver depends on the totality of the circumstances, including the background, experience, and conduct of defendant." Id. (citing North Carolina v. Butler, 441 U.S. 369, 374-75 (1979)).
 
 
 6
 While language difficulties are a factor to be considered, id., a defendant's ability to converse in English carries substantial weight. Id. at 752 and 752 n. 2. See also United States v. Martinez, 588 F.2d 1227, 1235 (9th Cir.1978) (defendant's claim he did not understand the dialect in which the warnings were read was "seriously weakened" by his ability to converse with the officer who read him the warnings). Like the defendant in Bernard S., Shrestha conversed at length with the agents in English, indicated he understood what they were saying to him, waived his rights orally, and signed a written waiver.
 
 
 7
 In light of these facts and the district court's finding that Shrestha lacked credibility, to which we pay special deference, United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991), we hold that the district court did not clearly err in holding Shrestha validly waived his Miranda rights. Bernard S., 795 F.2d at 751. We affirm the district court's denial of Shrestha's motion to suppress.
 
 
 8
 2. Jury instruction to deliberate.
 
 
 9
 Shrestha contends that the district court's instruction to the jury to keep deliberating, while not strictly speaking an Allen charge, should be deemed coercive and reviewed as one. See Allen v. United States, 164 U.S. 492 (1896). We disagree.
 
 
 10
 It is perfectly permissible to "admonish jurors to keep trying." United States v. Mason, 658 F.2d 1263, 1265 (9th Cir.1981). We hold the district court did not abuse its discretion in instructing the jury to continue to deliberate. United States v. Woodley, 9 F.3d 774, 780 (9th Cir.1993).
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable William D. Browning, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3